**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **RAMON CAMPBELL**, | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | **EP-25-CV-00372-DCG** |
| | § | |
| **THE CITY OF EL PASO**, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM ORDER**
**REGARDING MOTION TO PRESERVE EVIDENCE**

Before the Court is *pro se* Plaintiff Ramon Campbell's "Emergency Motion to Preserve

Evidence" (ECF No. 29) filed on February 10, 2026.[1]  Therein, Campbell requests that the Court

order Defendants—the City of El Paso (the City) and the individual defendants who are officers

of the City's police department—to preserve certain categories of evidence.  Pl.'s Emergency

Mot. to Preserve Evid. at 18–24 [hereinafter Pl.'s Mot. to Preserve], ECF No. 29.  On February

27, 2026, Defendants jointly filed a response in opposition to the motion.  Defs.' Joint Resp. to

Pl.'s Mot. to Preserve [hereinafter Defs.' Resp.], ECF No. 40.  Campbell did not file a reply.

### I.   DISCUSSION

"A party's duty to preserve evidence comes into being when the party has notice that the

evidence is relevant to the litigation or should have known that the evidence may be relevant."

*Van Winkle v. Rogers*, 82 F.4th 370, 375 (5th Cir. 2023).  This duty is based on the common law,

Fed. R. Civ. P. 37(e) advisory committee's notes to 2015 amendment, and "[i]t does not depend

on a court order," *Alex A. v. Edwards*, No. CV 22-573-SDD-RLB, 2025 WL 255453, at *9 (M.D.

---

[1] The Honorable Senior District Judge David Guaderrama referred the motion to the undersigned Magistrate Judge.  Order Referring Mots. to Mag. J., ECF No. 37.

La. Jan. 21, 2025).  Indeed, relying on the common-law duty to preserve evidence, Federal Rule of Civil Procedure 37(e) specifically provides for imposing appropriate sanctions when the duty is triggered but a party fails "to take reasonable steps to preserve" electronically stored information.  Fed. R. Civ. P. 37(e).  Further, under the spoliation doctrine,[2] "[i]f spoliation is found, and was done in bad faith, the district court may permit the factfinder to draw the inference that the spoliator destroyed or altered the evidence because it was unfavorable."  *Miller v. Michaels Stores, Inc*., 98 F.4th 211, 219 (5th Cir. 2024).

Because of the pre-existing duty to preserve evidence, "an order from the [c]ourt directing a party to preserve evidence is not typically asked for or even needed."  *Ok-gu v. DistroKid, Inc.*, No. 25-CV-9818 (VSB), 2026 WL 621823, at *6 (S.D.N.Y. Mar. 4, 2026).  Indeed, although Federal Rule of Civil Procedure 26(f) requires parties to confer and "discuss any issues about preserving discoverable information" at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b), Fed. R. Civ. P. 26(f)(1)–(2), neither of which has yet occurred in this case,[3] the Committee Note to the Rule cautions that the Rule's requirement "does not imply that courts should routinely enter preservation orders," Fed. R. Civ. P. 26(f) advisory committee's notes to 2000 amendment.

That said, a district court has inherent power to issue an order to preserve evidence before the parties' Rule 26(f) discovery-planning conference or the court's Rule 16(b) scheduling order. *Deggs v. Fives Bronx, Inc*., No. CV 19-406-BAJ-EWD, 2020 WL 3100023, at *2 (M.D. La. June 11, 2020); *NexTT Sols. LLC v. XOS Techs., Inc.*, No. 3:13-CV-1030-JTM-CAN, 2014 WL

---

[2] "Spoliation of evidence is the destruction or the significant and meaningful alteration of evidence."  *Van Winkle*, 82 F.4th at 374.

[3] The record reflects that Judge Guaderrama has not yet issued an order directing the parties to submit a proposed scheduling order.

12892817, at *2 (N.D. Ind. Apr. 24, 2014). "Different courts have applied various standards in determining whether to enter a preservation order," but "at a minimum, the party seeking a preservation order must demonstrate that the evidence is in some danger of being destroyed absent a court order." *Tyler v. Peterson*, No. 20CV06186JMAJMW, 2022 WL 11629009, at *3 (E.D.N.Y. Oct. 20, 2022); *see also, e.g.*, *Greer v. Moon*, No. 2:24-CV-00421-DBB-JCB, 2026 WL 885884, at *1 (D. Utah Mar. 31, 2026) ("A party seeking a preservation order must show that there is a significant concern that potentially relevant evidence will be destroyed causing harm to that party." (cleaned up)); *Legacy of Life, Inc. v. Am. Donor Servs., Inc.*, No. SA-06-CA-0802-XR, 2006 WL 8435984, at *2 (W.D. Tex. Sept. 21, 2006) (A party requesting a preservation order must show that "absent a court order, there is significant risk that relevant evidence will be lost or destroyed."). "A preservation order entered over objections should be narrowly tailored." Fed. R. Civ. P. 26(f) advisory committee's notes to 2000 amendment.

Here, as reflected in the categories of evidence listed in Campbell's motion, Pl.'s Mot. to Preserve at 18–24, the primary targets of the requested preservation order are the City and Officer Justin Rodriguez (#3577), who is a named defendant. As explained below, the Court reaches different conclusions as to the City and the officer.

## A. Evidence in the City's Possession, Custody, or Control

Campbell requests the preservation of a wide variety of evidence including body- and dash-cam videos, police reports, internal communications, and individual defendant officers' personnel files and disciplinary records. The City points out that on September 17, 2025, a few days after it was served with Campbell's complaint on September 11, 2025, the City, by and through its counsel, issued a "litigation hold"[4] to its police department. Defs.' Resp. at 1; *see*

---

[4] *See Yelton v. PHI, Inc.*, 279 F.R.D. 377, 387 (E.D. La. 2011) ("It generally is recognized that when a company or organization has a document retention or destruction policy, it is obligated to suspend

*also* Defs.' Resp. Ex. A, ECF No. 40-1.  And after Campbell contacted the City's counsel on February 7, 2026, regarding the need for preservation of evidence and informed counsel about a February 3, 2026 traffic stop made by Officer Rodriguez,[5] the City's counsel updated the litigation hold to include further evidence.  Defs.' Resp. at 2; Defs.' Resp. Ex. C; *see also* Defs.' Resp. Ex. B (emails dated February 7-9, 2026, between Campbell and the City's counsel), ECF No. 40-1.

Having carefully reviewed the City's submissions, *e.g.*, Defs.' Resp. Exs. A, C, the Court is satisfied that the City's litigation hold adequately protects Campbell's interests.  The Court therefore declines to issue an evidence preservation order directed at the City.

## B.  Evidence in Officer Rodriguez's Possession, Custody, or Control

According to Campbell, when he was stopped by Officer Rodriguez on February 3, 2026 (though, according to a traffic citation issued to Campbell, the date was February 2, 2026), Campbell "observed that Officer Rodriguez was wearing what appeared to be smart glasses capable of recording video and audio," and they "appeared to be personal recording devices, not standard-issue department equipment."  Pl.'s Mot. to Preserve at 9.  Campbell argues that if Officer Rodriguez was recording the traffic stop with his smart glasses, the footage captured by the glasses would be relevant to his claim for First Amendment retaliation.  *Id.* at 2, 10–11; *see*

---

that policy and implement a litigation hold to ensure the preservation of relevant documents once the preservation duty has been triggered." (internal quotes omitted)); *Plan, Inc. v. PSO Health Servs., LLC*, No. A-06-CA-1005 RP, 2007 WL 9701369, at *6 (W.D. Tex. Sept. 18, 2007) ("The onset of litigation imposes an affirmative obligation on a party to both implement a litigation hold to ensure preservation of relevant documents and to oversee compliance with the litigation hold, including communicating with key players in the litigation." (same)).

[5] This traffic stop is the subject of Campbell's "Request for Leave to Amend Complaint" (ECF No. 30), which the Court has granted in part in a separate order issued today.  Mem. Order Regarding Req. for Leave to Am., ECF No. 42.

*also* Pl.'s Req. for Leave to Am. Compl. Ex. E, at ¶¶ 193–201 [hereinafter Pl.'s Proposed Am. Compl.] (asserting a First Amendment retaliation claim against Officer Rodriguez based on the February 3, 2026 traffic stop and detention of Campbell), ECF No. 30-1.  Campbell also argues that Officer Rodriguez's personal smartphone and cloud storage accounts[6] are not subject to the El Paso Police Department's retention policies and that Officer Rodriguez maintains complete and sole control over his smart glasses, personal phone, and cloud storage accounts; therefore, Campbell contends, Officer Rodriguez could delete the footage.  Pl.'s Mot. to Preserve at 6.  He requests that the Court order Officer Rodriguez to preserve certain categories of evidence relating to his smart glasses and the footage.  *Id.* at 20–21.

Defendants' joint brief in response to Campbell's motion does not address Campbell's arguments about Officer Rodriguez's smart glasses, personal phone, and cloud accounts.  Nor does Officer Rodriguez contest Campbell's assertion that the officer was wearing smart glasses at the relevant time.  Further, while the record reflects that the City's counsel issued a litigation hold to the City's police department, it does not reflect that Officer Rodriguez's counsel has taken a similar step such as advising the officer not to delete or destroy any relevant evidence, including any video captured by his smart glasses.

Consequently, and out of an abundance of caution, the Court will grant Campbell's request to order preservation of evidence relating to the smart glasses, if any, that Officer Rodriguez was wearing at the relevant time; however, the Court will limit the scope of the evidence to be preserved.  *Cf. Lee v. Lawerence*, No. CV 23-1229-SDD-SDJ, 2023 WL 7367414, at *1 & n.1 (M.D. La. Oct. 4, 2023) (granting request for order to preserve evidence where the

---

[6] Campbell explains that "[s]mart glasses (such as Ray-Ban Meta, Google Glass, or similar devices) are wearable camera systems that record video and audio and are typically controlled via a smartphone application (app), and smart glasses store recordings in multiple locations," including "cloud storage accounts."  Pl.'s Mot. to Preserve at 10.

- 5 -

"duty to preserve evidence has already arisen" and explaining that "[t]his [o]rder may seem redundant, given the existing duty to preserve, but the [c]ourt sees no harm in reiterating the importance of this duty when there is particular concern over spoliation").

## II.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Emergency Motion to Preserve Evidence (ECF No. 29) is **GRANTED IN PART and DENIED IN PART**.  The motion is **GRANTED** as to Plaintiff's request for an order directing Defendant Officer Justin Rodriguez to preserve evidence relating to any smart glasses worn by the officer during the February 2 or 3, 2026 traffic stop and detention of Plaintiff,[7] and the specific categories of evidence to be preserved are **PROVIDED** below.  The motion is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that to the extent that Officer Rodriguez wore any smart glasses during the February 2 or 3, 2026 traffic stop and detention, Officer Rodriguez **SHALL PRESERVE** the following:

1) Any video (including audio) of the traffic stop and detention captured or recorded by the smart glasses, including any copies of the video, whether stored on the smart glasses or on any external storage, such as any smartphone, computer, and cloud-based storage;

2) The metadata of the video and any copies thereof, whether stored on the smart glasses or any external storage, such as any smartphone, computer, and cloud-based storage;

3) The activity log of the smart glasses for all activities between February 2, 2026, 12:00 a.m. (MST), and February 3, 2026, 11:59 p.m. (MST);[8] and

4) Emails, text messages, messaging-app messages, and any other form of electronic communications that included the video or a copy thereof and were sent by Officer Rodriguez.

---

[7] Pl.'s Proposed Am. Compl. at ¶¶ 91–114.

[8] *See id.* at ¶ 114; Pl.'s Req. for Leave to Am. Compl. Ex. C (traffic citation dated as "02/02/2026 06:29"), ECF No. 30-1.

- 7 -

**IT IS FINALLY ORDERED** that the District Clerk **SHALL MAIL** a copy of this

Order to Plaintiff at his address of record.

**So ORDERED and SIGNED this  8th  day of April 2026.**

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**